### HUFFMAN v HUFFMAN et

Ohio Appeals, 1st Dist, Butler Co

No 712. Decided May 31, 1937

Frank S. Bonham, Cincinnati, for appellant.

Harry S. Wonnell, Hamilton, for appellees.

## OPINION

By HAMILTON, J.

Heard on appeal on questions of law from a judgment of the Court. of Common Pleas of Butler County, Ohio.

The question for determination concerns the calculation of the dower of Harry W. Lindner, surviving spouse of Ella M. Lindner.

Ella M. Lindner died July 27, 1931, leaving the said Harry W. Lindner, her husband, surviving. Some time elapsed when Harry W. Lindner filed an application for assignment of dower. No action was taken on this application, and later a partition suit was filed to partition the land of the said Ella M. Lindner, deceased, and in that action, on October 26, 1931, said Harry W. Lindner filed his answer setting up his claim for dower in the real estate, which was sought to be partitioned, and waived the assignment of dower to him by metes and bounds, asked that the real estate be sold free of dower, and that he be paid in lieu thereof such sum from the proceeds of the sale as the court should deem a just and reasonable value of said dower interest; that the age of this defendant at the date of the death of said Ella M. Lindner was 52 years.

A sale of the real estate was had in the partition suit, and the court in fixing the value of the dower interest computed it on the Carlisle tables of mortality and made the calculation as of the age of 51 years. After the calculation was made, the trial court allowed interest at 6% on the value of the dower. as found by the court, from the date of death of the spouse.

From this finding, an appeal is prosecuted to this court on questions of law.

It is claimed the trial court erred in the calculation of the dower interest in the respects mentioned, and that it was incorrect in calculating the dower right at the age of 51 years, and in allowing interest on the value of the dower as well.

Why the court fixed the age of 51 years, we do not know; since in his answer Lindner states his age to be 52 years. Since his dower rights attached upon the death of his wife, the court did err in allowing interest on the dower. While the dower right attaches upon the death of the deceased spouse, the surviving spouse is not entitled to anything by reason thereof until the same has been set off or otherwise ascertained in a proper action. He is not entitled to possession until it has been ascertained and set off to him. He has only a consummate dower right, which some courts have held to be a mere chose in action. Neither has he the right to rents and profits, or right of entry on the premises until dower has been ascertained.

We know of no law or decision of any court holding that dower consummate entitles the owner thereof to █ interest pending assignment. Certainly, in equity he would not be entitled to collect interest upon his own share, unascertained.

Something is said for the fact that he made an application for assignment of dower, but the record discloses he abandoned this when he came into the partition suit, and asked that in lieu of dower he be given its value in money out of the proceeds of the sale.

Our conclusion is, that Lindner is entitled to be awarded out of the proceeds of the sale, in lieu of dower, █ such sum of money as the court finds to be the just value thereof, and such other matters as may affect the value thereof, calculated upon the American Experience Tables of Mortality (§10512-1, GC) but without interest.

The judgment awarding the sum in lieu of dower is reversed, and the cause remanded for further proceedings in accordance with this opinion.

ROSS, PJ, and MATTHEWS, J, concur.