**Timothy M. ROSCOE, Appellant–Respondent,**

v.

**Jane ROSCOE, Appellee–Petitioner.**

No. 61A01–9608–CV–258.

Court of Appeals of Indiana.

Dec. 6, 1996.

Sam A. Swaim, Hanner Hanner & Hanner, Rockville, for Appellant.

Robert P. Kondras, Jr., Hunt, Hassler & Lorenz, Terre Haute, for Appellee.

## OPINION

BAKER, Judge.

Appellant-respondent Timothy M. Roscoe appeals the trial court's decree dissolving his marriage to appellee-petitioner Jane V. Roscoe. Specifically, Timothy contends that the trial court improperly deviated from an equal division of the marital property. However, we do not have jurisdiction to hear this ap-

peal because Timothy did not file his praecipe in a timely manner.

### FACTS

The trial court entered its decree dissolving Timothy and Jane's marriage on January 10, 1996. Timothy then filed a timely motion to correct error. The trial court conducted a hearing on the motion on March 6, 1996, and took the matter under advisement. On April 9, 1996, the trial court entered an order extending the time to rule on Timothy's motion to correct error by thirty days. Thereafter, on May 1, 1996, the trial court denied Timothy's motion. On May 15, 1996, Timothy filed a praecipe for appeal.

### DISCUSSION AND DECISION

Ind.Appellate Rule 2(A) requires that every party seeking an appeal must first file a praecipe within thirty days of the entry of final judgment. When a party opts to file a motion to correct error, however, the praecipe must be filed within thirty days from either the date the trial court rules on the motion to correct error or the date the motion is deemed denied. App.R. 2(A); Ind.Trial Rule 53.3. Failure to file the praecipe in a timely manner is a jurisdictional failure requiring dismissal of the appeal. *Jennings v. Davis*, 634 N.E.2d 810, 810 (Ind. Ct.App.1994).

Additionally, Ind.Trial Rule 53.3 limits the time available for a trial court to rule on a motion to correct error. According to the rule, a trial court must "rule on a Motion to Correct Error within thirty (30) days after it was heard" or the motion shall be deemed denied. T.R. 53.3(A); *Jackson v. Paris*, 598 N.E.2d 1106, 1107 (Ind.Ct.App. 1992), *trans. denied.* This rule is self-activating upon the passage of the requisite number of days. *Jackson*, 598 N.E.2d at 1107. Nevertheless, a trial court may extend the time limitation for ruling on a motion for thirty days by making an entry in the record which advises all parties of the extension. T.R. 53.3(D). However, the entry must be made on the record before the initial time period for ruling on the motion has expired. T.R. 53.3(D). The failure to act on a motion to correct error within the time limits prescribed by T.R. 53.3 extinguishes the court's authority to rule on the motion and any subsequent ruling is a nullity. *Jackson*, 598 N.E.2d at 1107.

Here, the trial court conducted a hearing on Timothy's motion to correct error on March 6, 1996. Thus, pursuant to T.R. 53.3, the trial court had until April 8, 1996,[1] to rule on the motion or make an entry extending the time to rule. However, the trial court did not extend the time to rule on Timothy's motion until April 9, 1996. As a result, its order extending the time period was a nullity and the motion to correct errors was deemed denied as of April 8, 1996. Under these circumstances, Timothy was required to file his praecipe by May 8, 1996, thirty days from the date the motion was deemed denied. Since Timothy did not file the praecipe until May 15, 1996, his praecipe was not filed in accordance with our rules of procedure. As a result, we lack jurisdiction and must dismiss the appeal.

Appeal dismissed.

ROBERTSON and GARRARD, JJ., concur.

---

1. The thirty day time period actually ended on April 5, 1996. However, since that day was a holiday, Good Friday, the motion was not deemed denied, pursuant to Ind.Trial Rule 6, until the following Monday.