ATTORNEYS FOR APPELLANT
Nicholas F. Stein
Stephen H. Meyer
New Albany, Indiana

ATTORNEYS FOR APPELLEE
Kenneth G. Doane, Jr.
George A. Buddy
New Albany, Indiana

# In the
# Indiana Supreme Court

No. 10S01-0510-CV-455

TRAVIS D. GARRISON,

*Appellant (Plaintiff below)*,

v.

CHARLES E. METCALF,

*Appellee (Defendant below)*.

Appeal from the Clark Circuit Court, No. 10C01-0306-CT-394
The Honorable Daniel Donahue, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 10A01-0409-CV-402

**June 29, 2006**

**Sullivan, Justice.**

After a jury verdict was entered against him, Charles Metcalf filed a "motion to correct errors." Our trial rules provide that if a party's motion is not ruled upon within a specified time period, the motion is "deemed denied." Our 2000 opinion in Cavinder Elevators, Inc. v. Hall, permitted a trial court's belated grant of such a motion to stand where the party filing the motion filed a timely notice of appeal following the date of deemed denial. Because Metcalf did not file a notice of appeal, the holding of Cavinder is not available to him and his motion was deemed denied.

## Background

In this personal injury case, the trial court entered judgment on a jury verdict in favor of Plaintiff Travis Garrison. Defendant Charles Metcalf filed a motion to correct error, seeking to have the judgment set aside. The trial court held a hearing on the motion and, 36 days later, granted the motion. Garrison filed this appeal, contending both that the motion had been "deemed denied" under the Indiana Rules of Trial Procedure and that, if not deemed denied, had been wrongly granted. The Court of Appeals affirmed. Garrison v. Metcalf, 828 N.E.2d 930 (Ind. Ct. App. 2005). We granted transfer. Garrison v. Metcalf, 2005 Ind. LEXIS 903 (Ind. 2005).

## Discussion

Trial Rule 53.3(A) provides:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five days (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Under the rule, Metcalf's motion to correct error was deemed denied on the thirtieth day following the hearing. Metcalf did not file a notice of appeal. He argues that the trial court's belated grant of his motion to correct error nevertheless stands on the authority of our decision in Cavinder Elevators, Inc. v. Hall, 726 N.E.2d 285 (Ind. 2000).

In Cavinder, summary judgment was entered for Cavinder. Hall filed a motion to correct error. After the time period for ruling on the motion had passed and the motion was "deemed denied," Hall filed a notice of appeal pursuant to our appellate rules. The trial court belatedly granted the motion to correct error and we allowed the trial court's belated grant of the motion to stand.

The distinction between Cavinder and this case is that in Cavinder the party whose motion to correct error was deemed denied (Hall) filed a notice of appeal within 30 days of the date of deemed denial; in this case, the party whose motion to correct error was deemed denied (Metcalf) never filed a notice of appeal.

In this regard, Cavinder says that its holding "applies only if, within thirty days after the motion is deemed denied, the party filing the motion timely initiates an appeal," Cavinder, 726 N.E.2d at 289, which, as just noted, Metcalf did not do. Nevertheless, the Court of Appeals held that Cavinder operated to validate the belated grant of Metcalf's motion to correct error. It took the position that "the overarching concern expressed in Cavinder to be that overly strict application of Rule 53.3(A) should not leave a party without access to an appeal under the circumstances of the particular case." Garrison, 828 N.E.2d at 933.

The Court of Appeals read Cavinder too broadly. Cavinder operates narrowly to allow a trial court's grant of a motion to correct error to stand where the party whose motion was deemed denied initiates a timely appeal. It does not reach a party who does not timely appeal (or, like Metcalf here, who does not appeal at all) after the party's motion to correct error is deemed denied.

Metcalf here asks for a further exception to the deemed denied provisions of Trial Rule 53.3(A) to exempt a party from having to file a notice of appeal when the trial court belatedly grants the party's motion to correct error. This we decline to do. At a minimum, such an expansion of Cavinder would implicate the concern expressed in that case over the creation of "an open-ended time in which the trial court may rule." Cavinder, 726 N.E.2d at 288-89.

Under Cavinder, Metcalf had 30 days after the deemed denied date to file his notice of appeal. Here the trial court ruled well within that 30-day period. We admit that it seems somewhat odd to require a notice of appeal to be filed after a motion to correct error has been belatedly granted in order to validate the grant of the motion to correct error. But this peculiarity is a function of the date on which the trial court belatedly ruled in this particular case; that will not always be so, as it was not, for example, in Cavinder. Eliminating the possibility of this peculi-

3

arity would effectively amend the deadline in Trial Rule 53.3(A) for ruling on motion to correct errors from 30 to 60 (or 45 to 75) days.

## Conclusion

Having previously granted transfer, thereby vacating the decision of the Court of Appeals, Ind. App. Rule 58(A), we now hold that Metcalf's motion to correct error was deemed denied pursuant to Trial Rule 53.3(A).

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

4