**James E. JOHNSON, Jr., Appellant–Respondent,**

v.

**Marcia JOHNSON, Appellee–Petitioner.**

No. 02A03–0710–CV–496.

Court of Appeals of Indiana.

March 10, 2008.

J. Brian Tracey, More, Miller, Yates & Tracey, Fort Wayne, IN, Attorney for Appellant.

Heidi K. Koeneman, Christoff & Christoff, Fort Wayne, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-respondent James E. Johnson, Jr., appeals the trial court's nunc pro tunc order granting appellee-petitioner Marcia Johnson's motion to correct error regarding the parties' marriage dissolution decree. Specifically, James argues that the trial court did not rule on Marcia's motion to correct error within the confines of Trial Rule 53.3(A); thus, the motion was deemed denied thirty days after the hearing and Marcia did not file a notice of appeal. While James also attacks the merits of the trial court's order granting Marcia's motion to correct error, we find his procedural argument dispositive. Concluding that Marcia's motion to correct error was deemed denied pursuant to Trial Rule 53.3(A) thirty days after the hearing and that Marcia did not file a notice of appeal, we reverse the trial court's nunc pro tunc order and remand this cause to the trial court with instructions to vacate the order and reinstate the original marriage dissolution decree.

## FACTS

Marcia and James married on February 12, 1996. The couple separated on July 8, 2005, and Marcia filed a petition for dissolution of marriage that same day. The trial court issued its decree of dissolution of marriage on October 10, 2006.

On November 8, 2006, Marcia filed a motion to correct error and requested a hearing. A magistrate judge presided over the hearing on May 14, 2007, and ultimately informed the parties that she was going to "grant the Motion to Correct Errors...." Appellee's App. p. 158. However, the trial court did not enter an order granting the motion to correct error until August 1, 2007—seventy-nine days after the hearing—when it issued a nunc pro tunc amended decree of dissolution of marriage in favor of Marcia. Before addressing the merits of its decision, the trial court provided that the nunc pro tunc order was "reducing to writing the following order which was announced in open Court on May 14, 2007, and inadvertently not reduced to writing." Appellant's App. p. 17. James now appeals.

## DISCUSSION AND DECISION

James argues that the magistrate judge did not have the authority to grant Marcia's motion to correct error at the hearing and that the trial court's nunc pro tunc order was issued after Marcia's motion had already been "deemed denied" pursuant to Trial Rule 53.3. Therefore, James asks that we reverse the trial court's nunc pro tunc order granting Marcia's motion and order the original marriage dissolution decree reinstated.

### I. Magistrate's Authority

A magistrate's authority to act is determined by statute. While a magistrate presiding over a criminal trial may enter a final order, there is no provision providing such authority for a magistrate in a civil proceeding. Rather, Indiana Code section 33–23–5–9 provides that, except in criminal proceedings, "a *magistrate*

shall report findings" in an evidentiary hearing or trial and "the *court* shall enter the final order." (Emphases added). And Indiana Code section 33–23–5–8 explicitly provides that a magistrate "may not enter a final appealable order unless sitting as a judge pro tempore or a special judge."[1]

■ "[T]he authority to decide is a judicial power which cannot, consistent with the Indiana Constitution, be delegated to the magistrate." *Mid–West Fed. Sav. Bank v. Epperson,* 579 N.E.2d 124, 127 (Ind.Ct.App.1991). Although a magistrate does not have the authority to enter a final appealable order, she can preside over a motion to correct error hearing and recommend findings and conclusions that the trial court can adopt as its own. *See id.* (finding appellant's argument that magistrate had exceeded authority by conducting motion to correct error hearing to be "without merit"). However, even if a magistrate presides over a hearing and recommends findings and conclusions, "the *judge* must still perform the necessary judicial act of granting or denying the motion. . . ." *Christenson v. Struss,* 855 N.E.2d 1029, 1034 (Ind.Ct.App.2006) (emphasis added).

■ Here, the magistrate disclosed her intent to grant Marcia's motion to correct error at the close of the hearing. Appellee's App. p. 158. However, the magistrate did not have the authority to actually grant Marcia's motion or enter a final appealable order. Therefore, we turn to the trial court's nunc pro tunc order entered on August 1, 2007.

## II. Trial Rule 53.3

James argues that Marcia's motion to correct error was deemed denied pursuant to Trial Rule 53.3 thirty days after the hearing and that the trial court's nunc pro tunc order was "a nullity." Appellant's Br. p. 5. Consequently, James argues that because Marcia did not file a notice of appeal thirty days after the motion was deemed denied, the trial court's original marriage dissolution decree should be reinstated.

■■ A trial court generally has wide discretion to correct errors and we will reverse only for an abuse of that discretion. *Williamson v. Williamson,* 825 N.E.2d 33, 44 (Ind.Ct.App.2005). An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom, or is based on impermissible reasons or consideration. *Id.* Trial Rule 53.3(A) provides that in the event a court

> fails to rule on a Motion to Correct Error within thirty (30) days after it was heard . . . the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

While Rule 53.3(B) delineates exceptions, neither party argues that the specified exceptions apply to the facts of this case.

■ We have previously held that Rule 53.3 "is self-activating upon the passage of the requisite number of days." *Roscoe v. Roscoe,* 673 N.E.2d 820, 821 (Ind.Ct.App. 1996). While the trial court may extend the deadline for ruling on a motion to correct error by no more than thirty days by making an entry advising all parties of the extension pursuant to Rule 53.3(D), the trial court herein did not extend the deadline. The failure to act on a motion to

---

1. Marcia does not argue that the magistrate who presided over the hearing was sitting as a judge pro tempore or a special judge.

correct error within the rule's prescribed time limits "extinguishes the court's authority to rule on the motion and any subsequent ruling is a nullity." *Roscoe,* 673 N.E.2d at 821; *see also Johnson v. Johnson County Bd. of Zoning Appeals,* 732 N.E.2d 865, 865–866 (Ind.Ct.App.2000) (holding that the trial court has no power to rule on a motion to correct error after the time designated by the rule has passed).

■ Here, the trial court did not rule on Marcia's motion to correct error within thirty days of the hearing. Our Supreme Court recently held that, under Rule 53.3, a party's motion to correct error was deemed denied on the thirtieth day following the hearing despite the trial court's belated attempt to grant the motion six days after the deadline had passed. *Garrison v. Metcalf,* 849 N.E.2d 1114, 1115 (Ind.2006), *reh'g denied.* And we recently held that the thirty-day "time period to rule on the motion begins to run at the conclusion of the hearing itself, not at some later date." *Paulsen v. Malone,* 880 N.E.2d 312, 314 (2008). Based on the holdings of *Garrison* and *Paulsen,* we conclude that Marcia's motion was deemed denied pursuant to Rule 53.3 thirty days after the hearing despite the trial court's belated attempt to grant the motion.

Even so, Marcia argues that the trial court was authorized to belatedly rule on her motion because it issued a "nunc pro tunc" order specifying that it was "reducing to writing the following order which was announced in open Court on May 14, 2007, and inadvertently not reduced to writing." Appellant's App. p. 17. In other words, Marcia argues that the trial court's decision to issue the order "nunc pro tunc" saves the untimely motion.

We have already concluded that the magistrate had no authority to rule on Marcia's motion at the hearing. There-

fore, the trial court's pronouncement that it was simply reducing to writing the order announced at the hearing is puzzling because the magistrate had no authority to issue a final ruling at the hearing.

■ Furthermore, a nunc pro tunc order is "an entry made *now* of something which was actually previously done, to have effect as of the former date." *Brimhall v. Brewster,* 835 N.E.2d 593, 597 (Ind. Ct.App.2005) (emphasis in original). The purpose of a nunc pro tunc order is to correct an omission in the record of action that occurred but was omitted through inadvertence or mistake; however, the trial court's record must show that the unrecorded act or event actually occurred and a written memorial must form the basis for establishing the error or omission to be corrected by the nunc pro tunc order. *Id.*

■ Here, there is no evidence that the trial court adopted the magistrate's oral findings and conclusions or otherwise granted Marcia's motion to correct error within thirty days of the hearing. Instead, the evidence establishes that the magistrate orally granted Marcia's motion at the hearing and the trial court did not assent until seventy-nine days later—forty-nine days after the motion had been deemed denied. Because there is no evidence that the trial court granted Marcia's motion within thirty days of the hearing, there was no basis in the record for the trial court to issue a nunc pro tunc order. Put another way, Marcia's argument that the trial court salvaged its untimely order by affixing the words "nunc pro tunc" is unpersuasive. Furthermore, it is well established that a trial court cannot act after the deadline prescribed in Rule 53.3 has passed and "*any* subsequent ruling is a nullity." *Roscoe,* 673 N.E.2d at 821 (emphasis added). Because the trial court did not rule on Marcia's motion to correct

error within thirty days of the hearing, it was without power to belatedly grant the motion. Consequently, the trial court abused its discretion when it issued a nunc pro tunc order granting Marcia's motion to correct error.

### III. Disposition

James argues that we should reinstate the trial court's original marriage dissolution decree because Marcia did not file a notice of appeal pursuant to Appellate Rule 9 after her motion to correct error was deemed denied.[2] When presented with similar facts, our Supreme Court determined that the trial court's belated grant of a party's motion to correct error does not relieve the party of its obligation to file a notice of appeal pursuant to Appellate Rule 9. *Garrison*, 849 N.E.2d at 1116. While the court admitted that

> it seems somewhat odd to require a notice of appeal to be filed after a motion to correct error has been belatedly granted in order to validate the grant of the motion to correct error ... [e]liminating the possibility of this peculiarity would effectively amend the deadline in Trial Rule 53.3(A) for ruling on [a] motion to correct errors [after a hearing] from 30 to 60 days.

*Id.*

■ Pursuant to the holding in *Garrison*, Marcia cannot argue that she was not required to file a notice of appeal simply because the trial court belatedly granted her motion to correct error after it had already been deemed denied. Instead, as our Supreme Court held, Marcia was required to file a notice of appeal within thirty days of her motion being deemed

denied regardless of the fact that the trial court belatedly granted her motion. She did not. Because Marcia did not file a notice of appeal, we reverse the trial court's nunc pro tunc order and remand this cause to the trial court with instructions that it vacate the order and reinstate the original marriage dissolution decree.

As an aside, we acknowledge that the facts of this case require us to choose between the lesser of two evils—either holding that Marcia's motion was deemed denied and the burden was on her to appeal within thirty days of that denial or holding that the trial court's nunc pro tunc order was valid and retroactively applies to the date of the hearing. If we were to decide that the trial court's nunc pro tunc order was valid and retroactively applies to the date of the hearing—May 14, 2007—James would have had to file his notice of appeal by June 13, 2007. However, the trial court did not even issue the nunc pro tunc order until August 1, 2007—approximately seven weeks *after* the deadline for James to file a notice of appeal would have expired. Such a result would be illogical and, as our Supreme Court recognized in *Garrison*, would effectively amend the deadline in Rule 53.3. 849 N.E.2d at 1116.

■ While Rule 53.3 may create numerous potholes into which a litigant can stumble, the burden should be on the party seeking to correct the trial court's alleged error to preserve its claims. Here, the trial court did not grant Marcia's motion to correct error within the confines of Rule 53.3 and the burden was on Marcia to pursue an appeal within thirty days after her motion was deemed denied. Because Marcia did not appeal, we reverse the trial

**2.** Appellate Rule 9 provides that "if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion, or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first." Here, Marcia had thirty days from the date her motion was deemed denied to file a timely notice of appeal.

court's nunc pro tunc order and remand this cause to the trial court with instructions to vacate the order and reinstate the original marriage dissolution decree.[3]

Reversed and remanded with instructions to vacate the nunc pro tunc order and reinstate the original marriage dissolution decree.

BRADFORD, J., concurs.

DARDEN, J., dissents with opinion.

DARDEN, Judge, dissenting.

I respectfully dissent to the majority's conclusion that pursuant to Indiana Trial Rule 53.3, Marcia's motion to correct error was deemed denied thirty days after the trial court's May 14, 2007, hearing on her motion to correct error, and that its *nunc pro tunc* order was for naught.

The decree of dissolution was issued on October 10, 2006. On November 8, 2006, Marcia timely filed her motion to correct error. *See* Indiana Trial Rule 59(C). Her motion argued that the trial court had erred in its distribution of the marital assets. The trial court set the matter for hearing, and on May 14, 2007, the parties appeared. Marcia asserts, and James does not dispute, that at the conclusion of the hearing, the trial court stated as follows:

"[U]pon consideration of the arguments that have been made by both sides and actually upon closer review of [Marcia]'s Exhibit 15, originally, quite frankly, I gave [James] the pension and well, I'm going to grant the Motion to Correct Errors in the following respects. The pension will be split 50/50, and I am going to ask [James' attorney] for you to prepare the Qualified Domestic Relations Order and ... I'm going to award [Wife] a Property Equalization Judgment in the sum of $18,588.00."

Marcia's Br. at 6 (quoting App. 38).

According to Trial Rule 53.3, a motion to correct error is deemed denied when

(1) the trial court fails for forty-five (45) days to set the motion to correct error for hearing, or

(2) the trial court fails to rule on the motion within thirty (30) days of the hearing held on the motion, or

(3) if no hearing was required, and the trial court fails to rule on the motion within forty-five days after its filing.

Here, there was a hearing on the motion, and I read the record to establish that the trial court did in fact "rule on the motion" at the conclusion of that hearing. *Id.* Therefore, I would not find Trial Rule 53.3 to have dispositive effect here.

---

3. Without addressing the magistrate's lack of authority to issue a final ruling at the motion to correct error hearing, the dissent finds that Trial Rule 53.3 does not have a dispositive effect and, instead, would rule that the trial court's nunc pro tunc entry was a proper exercise of its equity power. Specifically, the dissent notes that "[t]here is no indication that [James's] attorney expressed to the trial court an unwillingness to prepare the order to effect the trial court's order. Under the circumstances, it was reasonable for the trial court to have asked [James's] attorney to prepare the order...." Op. at 230. There is no evidence in the record, however, that the trial court did, in fact, order James to prepare an order after the hearing. Additionally, *Marcia* filed the motion to correct error and, according to the dissent, achieved a successful result at the end of the hearing. Thus, notwithstanding the lack of evidence in the record, we do not believe that the trial court would have ordered *James* to prepare an order after Marcia received a favorable ruling on her motion. While we sympathize with the dissent's penchant for equity, we cannot disregard the magistrate's lack of authority to issue a final ruling and, thus, must conclude that the trial court abused its discretion by issuing an untimely nunc pro tunc order.

I believe that at the conclusion of the hearing, the parties understood that the trial court had granted Marcia's motion—and the specific substance of its ruling. There is no indication that James' attorney expressed to the trial court an unwillingness to prepare the order to effect the trial court's order. Under the circumstances, it was reasonable for the trial court to have asked James' attorney to prepare the order, in order to protect his interest and to insure that the matter was properly addressed by James' employer. Further, there was no reason for Marcia to have anticipated that James' attorney would fail to comply with the trial court and *not* prepare the order as directed. Nor was there any reason for Marcia to anticipate that an order prepared by James' attorney consistent with the magistrate's ruling would *not* have been adopted and signed by the trial court. Thus, I would conclude that having gained a favorable ruling, there was absolutely no reason for Marcia to act to initiate an appeal at that point.

I cannot find that equity would countenance the result reached by the majority. It was James' attorney who failed to honor the obligation to which he had agreed, and I cannot accept a result that allows James to profit by that failure. Equity "looks to the substance and not the form," and "a court of equity has the power to require that to be done which should have been done." *Walter v. Balogh*, 619 N.E.2d 566, 568 (Ind.1993). I believe that the trial court's *nunc pro tunc* entry was a proper exercise of its equity power by the trial court. Therefore, I cannot agree that the trial court abused its discretion in that regard.