**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 18 2014, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL K. WANDLING**
South Bend, Indiana

ATTORNEYS FOR APPELLEE
THE STATE OF INDIANA:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE: THE VISITATION OF A.W.,   )
J.W.,   )
  )
   Appellant-Respondent,   )
  )
    vs.   )   No. 71A03-1401-MI-3
  )
STATE OF INDIANA,   )
  )
   Appellee-Intervenor.   )

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
The Honorable Andre G. Gammage, Magistrate
Cause No. 71C01-1307-MI-154

**July 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

J.W. ("Mother") purportedly appeals the denial of her motion to correct error, which challenged an order granting Mother's father ("Grandfather") grandparent visitation with Mother's child, A.W. ("Child"). The Attorney General of Indiana intervened to defend the constitutionality of the Grandparent Visitation Act, Indiana Code section 31-17-5-1, et seq. ("the Act"). We dismiss.

## Issue

Mother contends that the Act violates the Equal Protection Clause of the United States Constitution[1] and that the trial court erroneously entered a visitation order without requisite findings of fact.[2] We address a single, dispositive issue raised by the State on cross-appeal: whether Mother's appeal is untimely.

---

[1] Mother did not raise the issue to the trial court prior to the hearing on her motion to correct error. At the hearing on the motion to correct error, Mother's attorney presented a cursory argument with regard to the constitutionality of the Act:

> If you're divorced or in a paternity action, you can come in and get grandparent visitation. But since I'm married – or if you're a married person, you can deny everybody you want to. That violates the Equal Protection Clause of [sic] allowing equal access to each party. Just because my client isn't married means that her right to decide who sees her son is taken away. I don't think that's what the Constitution is intending.

(Tr. 30.) A party may not raise an issue for the first time in a motion to correct error. See In re Paternity of A.R.R., 634 N.E.2d 786, 791 (Ind. Ct. App. 1994) (holding that questions regarding the constitutionality of a civil statute must be raised to the trial court before filing a motion to correct error). Accordingly, Mother did not preserve for appeal her allegation of constitutional error.

[2] The Attorney General takes no position on this allegation of error or Mother's request for a remand for more particularized findings. Grandfather did not file an appellee's brief.

**Facts and Procedural History**

On August 29, 2006, Mother gave birth to Child. For at least one year, Mother and Child lived with Grandfather and his wife. Grandfather also provided child care for Child while Mother attended night school. Sometime in 2013, Mother terminated Child's visits with Grandfather. On July 17, 2013, Grandfather filed a petition for grandparent visitation.

On August 2, 2013, the trial court conducted a hearing at which Grandfather and Mother each testified. At the conclusion of the hearing, the trial court verbally ordered that Grandfather have visitation with Child one weekend per month. A written visitation order was entered on August 7, 2013.

On September 3, 2013, Mother filed a motion to correct error, alleging that grandparent visitation was not in Child's best interests, that the trial court had failed to make adequate findings, and that the Act "discriminates against single parents because of their status" in violation of the federal Equal Protection Clause and the equal privileges and immunities clause of the Indiana Constitution.[3] (App. 12.) A hearing was conducted on October 30, 2013. At the conclusion of the hearing, the trial court stated that the court would be "going forward with [its] ruling" but would enter more specific findings in support of the grant of grandparent visitation. (Tr. 44.)

Pursuant to Indiana Trial Rule 53.3, the motion to correct error was deemed denied on December 2, 2013.[4] On December 5, 2013, the trial court issued an order of denial,

---

[3] On appeal, Mother confines her argument to alleging a violation of the federal Equal Protection Clause.

[4] The thirtieth day after the hearing, November 29, 2013 was a holiday for the trial court, followed by two

specifying that Child had an established relationship with Grandfather and that visitation with Grandfather was in Child's best interests. The trial court also stated that it had considered the grandparent visitation factors set forth in McCune v. Frey, 783 N.E.2d 752 (Ind. Ct. App. 2003)[5] and declared that the Act was not constitutionally infirm. This appeal ensued, with the participation of the Indiana Attorney General. The State filed a motion to dismiss, which was denied by the Motions Panel of this Court.[6]

## Discussion and Decision

---

[5] weekend days. Thus, the date of deemed denial was Monday, December 2, 2013.

[5] When grandparent visitation is awarded, the trial court must set forth specific findings of fact and conclusions of law, in justification of the infringement upon parental rights. In re Visitation of M.L.B., 983 N.E.2d 583, 584 (Ind. 2013). The McCune Court set out four factors, approved and mandated by our Indiana Supreme Court in In re K.I., 903 N.E.2d 453 (Ind. 2009). The factors are:

(1) a presumption that a fit parent's decision about grandparent visitation is in the child's best interests (thus placing the burden of proof on the petitioning grandparents);

(2) the "special weight" that must therefore be given to a fit parent's decision regarding nonparental visitation (thus establishing a heightened standard of proof by which a grandparent must rebut the presumption);

(3) "some weight" given to whether a parent has agreed to some visitation or denied it entirely (since a denial means the very existence of a child-grandparent relationship is at stake, while the question otherwise is merely how much visitation is appropriate); and

(4) whether the petitioning grandparent has established that visitation is in the child's best interests.

In re M.L.B., 983 N.E.2d at 586. Where a trial court's grandparent visitation order is defective in this regard, the appropriate remedy is "a remand for new findings and conclusions based upon the existing record." Id. at 588.

[6] In response to the motion to dismiss, Mother argued that the visitation order of August 7, 2013 was void, the only valid visitation order was entered on December 5, 2013, and therefore her January 3, 2014 Notice of Appeal was timely. She now concedes that the August 7, 2013 order was voidable as opposed to void. In her Reply Brief, Mother now asserts that the December 5, 2013 order is not a nullity, but rather executes a grant of her motion to correct error at the October 30, 2013 hearing - by providing greater specificity.

4

On appeal, the State asks that we revisit the issue of whether this appeal should be dismissed because Mother's Notice of Appeal was not timely filed. Although our Motions Panel has ruled on the motion for dismissal, we have inherent authority to reconsider any decision while an appeal remains in fieri. Miller v. Hague Ins. Agency, Inc., 871 N.E.2d 406, 407 (Ind. Ct. App. 2007).

Pursuant to Indiana Appellate Rule 9, a party initiates an appeal by filing a notice of appeal within thirty days after the entry of judgment. Absent a timely notice of appeal, no jurisdiction is conferred upon this court. D.C., Jr. v. C.A., 5 N.E.3d 473, 475 (Ind. Ct. App. 2014). It is the duty of the Court of Appeals to determine whether it has jurisdiction before proceeding to determine the merits of any case. Montgomery, Zukerman, Davis, Inc. v. Chubb Grp. of Ins. Co., 698 N.E.2d 1251, 1252-53 (Ind. Ct. App. 1998), trans. denied. When the Court determines that it does not have jurisdiction, it shall dismiss the appeal. Id. at 1253.

The trial court's order granting grandparent visitation was entered on August 7, 2013. Mother filed a timely motion to correct error. A hearing on the motion was conducted on October 30, 2013.

Indiana Trial Rule 53.3 sets forth a time limitation for ruling on a motion to correct error, providing:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under

5

Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Rule 53.3 "is self-activating upon the passage of the requisite number of days." Roscoe v. Roscoe, 673 N.E.2d 820, 821 (Ind. Ct. App. 1996). The failure to act on a motion to correct error within the rule's prescribed time limits extinguishes the authority of the trial court to rule on the motion; any subsequent ruling is a nullity. Johnson v. Johnson, 882 N.E.2d 223, 226-27 (Ind. Ct. App. 2008).

Here, the trial court did not rule on Mother's motion to correct error within thirty days of the hearing. Nor did the trial court extend the deadline by making an entry advising all parties of the extension pursuant to Rule 53.3(D). The motion was deemed denied on December 2, 2013. Mother's Notice of Appeal was not filed until January 3, 2014, more than thirty days after the motion to correct error was deemed denied.[7] The trial court's belated order of December 5, 2013 was a nullity. See Garrison v. Metcalf, 849 N.E.2d 1114, 1115 (Ind. 2006) (holding that a party's motion to correct error was deemed denied on the thirtieth day following the hearing notwithstanding the trial court's belated attempt to grant the motion after the deadline had passed).

Accordingly, we lack jurisdiction over the purported appeal.

Dismissed.

KIRSCH, J., and MAY, J., concur.

---

[7] Because the thirtieth day, January 1, 2014, was a court holiday, Mother had until January 2, 2014 to file her Notice of Appeal.

6