## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2017, 5:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott F. Bieniek
Bieniek Law, P.C.
Greencastle, Indiana

ATTORNEY FOR APPELLEE

Lisa A. Anderson
Mallor Grodner, LLP
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David D. Hughes,

*Appellant,*

v.

Laurina S. Hughes,

*Appellee.*

July 28, 2017

Court of Appeals Case No.
67A01-1612-DR-2753

Appeal from the Putnam Superior Court

The Honorable Charles D. Bridges, Judge

Trial Court Cause No.
67D01-1507-DR-127

**Barnes, Judge.**

## Case Summary

[1]     In this dissolution action, the trial court issued findings of fact and conclusions thereon that divided the parties' marital assets upon the dissolution of their

marriage, ordered an equal division of the parties' assets, and ordered Laurina Hughes ("Wife") to pay an equalization payment of $147,947.74. David Hughes ("Husband") appeals the trial court's belated grant of Wife's motion to correct error. Concluding that because of a procedural error the trial court lacked the authority to rule on Wife's motion to correct error, we dismiss this appeal.

## Issue

The dispositive issue is whether this appeal should be dismissed because the trial court lacked the authority to rule on Wife's motion to correct error.

## Facts

Husband and Wife were married on May 7, 1988. Wife filed a petition for dissolution on March 16, 2015.[1]

A final hearing was held on May 26, 2016. The trial court issued findings of fact and conclusions thereon on July 11, 2016, rejecting Wife's request for an unequal distribution of the marital estate. To achieve an equal distribution, the trial court required Husband to transfer $100,000.00 of his retirement funds to Wife, and Wife to pay to Husband a property equalization payment of $147,947.74.

---

[1] Wife filed the petition for dissolution in the Monroe Circuit Court. Husband objected because the parties did not live in Monroe County. The case was transferred to the Putnam Superior Court.

[5] Wife filed a motion to correct error on August 10, 2016. On September 29, 2016, three days after the motion was deemed denied under Indiana Trial Rule 53.3(A),[2] the trial court issued an order setting the matter for an attorney-only conference to be held on October 12, 2016. On October 12, 2016, the trial court, on its own motion, continued the conference to November 1, 2016.

[6] On October 24, 2016, Wife timely filed a Notice of Appeal of the deemed denial of her motion to correct error ("Wife's Appeal"). The Notice of Completion of Clerk's Record for Wife's Appeal was issued on October 25, 2016, and an amended notice was issued the same day but noted on the chronological case summary (CCS) on October 26, 2016. This court "acquire[d] jurisdiction" over Wife's Appeal on October 26, 2016. *See* Ind. Appellate Rule 8.

[7] Although this court had acquired jurisdiction over Wife's Appeal, the trial court, nevertheless, held a telephonic conference regarding Wife's motion to correct error on November 1, 2016. On November 17, 2016, the trial court issued an order that belatedly granted Wife's motion to correct error and ordered a 53/47 split of the parties' marital assets in favor of Wife, finding that "[a] consideration of the required factors leads to the conclusion that an

---

[2] Trial Rule 53.3(A) provides:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

unequal division is just and reasonable under the circumstances based upon the disparity of income and the economic circumstances of the parties." Appellant's App. p. 25.

[8] On November 23, 2016, Wife filed with this court a motion to dismiss her appeal of the deemed denied motion to correct error, without prejudice. This court denied her motion because Wife failed to state a reason why the appeal should be dismissed without prejudice. On November 30, 2016, Wife filed with this court an amended motion to dismiss her appeal with prejudice. The motion was granted on December 5, 2016, and Wife's Appeal was dismissed with prejudice.

[9] The instant appeal was initiated when Husband filed a Notice of Appeal on December 2, 2016, seeking review of the trial court's November 17, 2016 order that belatedly granted Wife's motion to correct error.

## Analysis

[10] Husband appeals the trial court's belated grant of Wife's motion to correct error that ultimately ordered the unequal division of the parties' marital assets in favor of Wife. This Court reviews a trial court's ruling on a motion to correct error under an abuse of discretion standard. *Zaremba v. Nevarez,* 898 N.E.2d 459, 463 (Ind. Ct. App. 2008). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.*

[11]    In their briefs, the parties present extensive argument and authority on the issue of whether the trial court erred when, without entering additional findings and conclusions thereon, it amended its original judgment, deviated from the presumed equal distribution of the parties' marital assets, and ordered an unequal distribution in favor of Wife. However, the procedural history leading to this appeal compels us instead to consider sua sponte: 1) whether in light of our supreme court's decision in *Cavinder Elevators, Inc. v. Hall,* 726 N.E.2d 285 (Ind. 2000), appellate review of the trial court's belated grant of Wife's motion to correct error is available, and 2) whether this appeal should be dismissed because due to a procedural error, the trial court was without authority to rule on Wife's motion to correct error.[3] Applying the reasoning in *Cavinder*, we find that the trial court's November 17, 2016 belated grant of Wife's motion to correct error was not available for appellate review and that, because the trial court issued the order <u>after</u> this court acquired jurisdiction over Wife's Appeal, this appeal must be dismissed.

[12]    In *Cavinder*, our supreme court addressed the ability of a party, under certain circumstances, to obtain appellate review of the merits of issues raised in a motion to correct error which is deemed denied. Specifically, in *Cavinder,* summary judgment was entered for Cavinder. Hall filed a motion to correct error that was deemed denied. Hall timely filed a notice of appeal and raised

---

[3] *See Schumacher v. Radiomaha, Inc.*, 619 N.E.2d 271, 273 (Ind. 1993) (holding trial court does not have jurisdiction to continue with case concerning matter from which an appeal is taken so long as that appeal is pending; failure of appellant to object does not waive issue).

the issues originally presented in his deemed denied motion. Thereafter, more than thirty days after the motion was deemed denied, the trial court belatedly granted Hall's motion to correct error and set aside its earlier grant of summary judgment in favor of Cavinder. Having obtained the relief sought, Hall "did not further pursue his appeal." *Cavinder*, 726 N.E.2d at 287. Cavinder, however, appealed the belated grant of Hall's motion. In response to Cavinder's brief, Hall cross-appealed seeking review on the merits of the issues presented in his motion to correct error.

[13]    On transfer, our supreme court allowed Hall's cross-appeal, stating:

> When a trial court considers and grants a motion to correct error, even if done belatedly, we perceive that such a decision will typically be correct on the merits and will result in expeditious further proceedings, without an intervening appeal. Sound judicial administration thus counsels against requiring a party whose motion to correct error is belatedly granted nevertheless to perfect an appeal from the superseded but "deemed denied" motion. These same concerns also counsel against permitting a belated grant of a motion to correct error long after its deemed denial has concluded the case as a final judgment from which an appeal was taken. Although we conclude that [Hall's] abandonment of his timely-commenced appeal should not preclude him from asserting by cross-error under Trial Rule 59(G) the issues presented in his motion to correct error, we hold that the rule does not authorize resort to cross-error as a device to raise claims abandoned by the failure to initiate a timely appeal upon the deemed denial of a motion pursuant to Rule 53.3(A).

*Id.* at 288.

[14]    Our supreme court held:

> [T]he belated grant of the motion to correct error in this case is not necessarily a nullity but rather is voidable and subject to enforcement of the "deemed denied" provision of Trial Rule 53.3(A) in the event the party opposing the motion to correct error promptly appeals. Had the defendant failed to promptly appeal this belated grant, such failure would constitute waiver and would have precluded a subsequent appellate claim that the motion to correct error was deemed denied under Trial Rule 53.3(A).

*Id*.

Justice Sullivan, dissenting, argued that the majority's reasoning left "open-ended the time a trial court has to rule on a motion to correct error." *Id.* at 291. Justice Sullivan believed the correct analysis would have found that the belated grant was a nullity under Trial Rule 53.3(A) for the reason that the proponent of the motion to correct error abandoned his appeal of the deemed denial. As a nullity, our court would have lacked jurisdiction, and the appeal would necessarily have been dismissed. *Id.* at 292.

The *Cavinder* majority responded to the concerns of the dissent, stating:

> [T]his application of Rule 53.3(A) does not create an open-ended time in which the trial court may rule. It applies only if, within thirty days after the motion is deemed denied, the party filing the motion timely initiates an appeal, *and if the trial court belatedly grants the motion to correct error before the record of proceedings is filed,*

*transferring jurisdiction to the appellate tribunal*.[4] If a belated grant occurs, the opposing party may accept the ruling or may appeal to invalidate it as deemed denied pursuant to Rule 53.3(A). The party filing the motion may not thereafter assert as cross-error the issues presented in the "deemed denied" motion to correct error if the time for filing [the notice of appeal] has expired and the party failed to commence an appeal.

*Id.* at 288-89 (original footnotes omitted) (emphasis added). Hall's timely appeal of the deemed denial preserved for appeal the issues originally raised in his motion to correct error. Absent that appeal, Hall would have been precluded from raising as cross-error the issues first raised in his motion to correct error.

[17] The procedural history of the case before us is almost identical to *Cavinder*. On July 11, 2016, the trial court issued findings and conclusions thereon, finding that the parties' marital assets should be divided equally. Wife filed a motion to correct error. After her motion was deemed denied, she timely initiated an appeal. The Amended Notice of Completion of Clerk's Record for Wife's Appeal was noted in the trial court's CCS on October 26, 2016. On that day, this court acquired jurisdiction over the matter. *See* App. R. 8. Well after this court acquired jurisdiction, on November 17, 2016, the trial court issued its order modifying the division of the parties' marital assets, finding that an

---

[4] The Rules of Appellate Procedure have been revised, and this court now acquires jurisdiction over an appeal on the date the Notice of Completion of Clerk's Record is noted in the chronological case summary. Ind. Appellate Rule 8.

unequal division of the marital assets was warranted. Wife dismissed her appeal, and then Husband timely appealed the trial court's belated grant of Wife's motion to correct error. The distinction between *Cavinder* and the instant case, however, is that in *Cavinder* the trial court must have ruled on Hall's motion to correct error before this court acquired jurisdiction over the appeal; in this case, the trial court did not.

[18]     *Cavinder* says that its holding "applies only if, within thirty days after the motion is deemed denied, the party filing the motion timely initiates an appeal, and if the trial court belatedly grants the motion to correct error before [jurisdiction is transferred] to the appellate tribunal." *Cavinder*, 726 N.E.2d at 289 (footnotes omitted). As just noted, in the instant case, the trial court granted Wife's motion to correct error after this court acquired jurisdiction over Wife's Appeal. We are bound by our supreme court and cannot contravene its precedent. The exception created by *Cavinder* does not apply.

[19]     We now determine whether this appeal must be dismissed because due to a procedural error, the trial court lacked authority to rule on Wife's motion to correct error. Under Indiana Appellate Rule 8, when a party initiates an appeal from a trial court order, this court "acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary."[5] Orders issued by a trial court after this date generally are void. *See*

---

[5] In light of the use of the word "jurisdiction" in Indiana Appellate Rule 8, and the procedural error that is presented in this appeal, we are mindful of our supreme court's instruction regarding the "law of jurisdiction"

*Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008). "The policy underlying the rule is to facilitate the efficient presentation and disposition of the appeal and to prevent the simultaneous review of a judgment by both a trial and appellate court." *Id.* There are exceptions to this rule, such as to allow a trial court "'to reassess costs, correct the record, enforce a judgment, continue with a trial during an interlocutory appeal concerning venue, or preside over matters which are independent of and do not interfere with the subject matter of the appeal.'" *Id.* (quoting *Clark v. State,* 727 N.E.2d 18, 21 (Ind. Ct. App. 2000), *trans. denied*; *but cf. In re Marriage of Bartley,* 712 N.E.2d 537, 547 (Ind. Ct. App. 1999) (holding trial court order, which purportedly "corrected" divorce decree to alter marital property division, was void because it was entered after this court obtained jurisdiction).

[20]     Here, the trial court's November 17, 2016 order did not merely correct the record, enforce a judgment, or decide issues that were independent of the matters presented in Wife's Appeal. To the contrary, the November order materially altered the trial court's original order such that this court and the trial court were engaged in simultaneous review of the trial court's initial judgment. Because the trial court materially altered its original findings and conclusions thereon after this court acquired jurisdiction over the appeal of the matter, that alteration was void, and it is of no effect. *See Schumacher v. Radiomaha, Inc.*, 619

and what constitutes "[r]eal jurisdictional problems" as opposed to "procedural defects." *See In re Adoption of O.R.*, 16 N.E.3d 965, 970 (Ind. 2014).

N.E.2d 271, 273 (Ind. 1993) (holding trial court does not have jurisdiction to continue with case concerning matter from which appeal is taken, so long as appeal is pending). As determined above, the exception set forth by our supreme court in *Cavinder* does not apply. *See Garrison v. Metcalf*, 849 N.E.2d 1114, 1116 (Ind. 2006) (stating courts should not read *Cavinder* too broadly). Accordingly, we dismiss this appeal because the order Husband seeks to appeal is void.

## Conclusion

[21] After the trial court clerk issued its Amended Notice of Completion of Clerk's Record for Wife's Appeal, the trial court was without authority to rule on a motion that challenged its original findings and conclusions thereon regarding the division of the parties' marital assets. The trial court's belated ruling on Wife's motion to correct error is void. Because Husband's appeal is from a void order, we hereby dismiss this appeal and order the trial court to vacate that order and, thus, the trial court's July 11, 2016 findings of fact and conclusions thereon stand as the judgement in this case.

[22] Dismissed.

Baker, J., and Crone, J., concur.