James **NORWOOD**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–1004–CR–212.

Court of Appeals of Indiana.

Dec. 15, 2010.

Barbara J. Simmons, Oldenburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

James Norwood appeals his conviction for invasion of privacy as a class A misdemeanor.[1] Norwood raises one issue which we revise and restate as whether the evidence is sufficient to sustain his conviction for invasion of privacy as a class A misdemeanor. We reverse.

The relevant facts follow. On August 15, 2008, the court issued an *ex parte* order for protection under Ind.Code § 34–26–5–9(b), which enjoined Norwood from threatening to commit or committing acts of domestic or family violence, stalking, or a sex offense against Shenika Gordon, the mother of Norwood's child, and prohibited Norwood from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with Gordon. The *ex parte* order stated that it expired on August 15, 2010. A hearing was subsequently held, and the court issued a protective order on October 9, 2008, which enjoined Norwood from threatening to commit or committing acts of domestic or family violence, stalking, or a sex offense against Gordon and prohibited Norwood from harassing, annoying, telephoning, contacting or directly or indirectly communicating with Gordon. The order also addressed parenting time and indicated that it expired on October 9, 2009.[2]

Based upon events occurring on December 26, 2009, the State charged Norwood with invasion of privacy as a class A misdemeanor. At a bench trial, the State introduced the *ex parte* order issued on August 15, 2008 and the protective order issued on October 9, 2008. The court found Norwood guilty as charged and sentenced Norwood to 365 in the Marion County Jail with 361 days suspended with credit for time served.

▮ The sole issue is whether the evidence is sufficient to sustain Norwood's conviction for invasion of privacy as a class A misdemeanor. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

▮ The offense of invasion of privacy is governed by Ind.Code § 35–46–1–15.1, which provides in relevant part:

---

1. Ind.Code § 35–46–1–15.1 (Supp.2008).

2. In its statement of facts, the State says that this protective order shows the expiration date as October 9, 2010; however, the order shows the expiration date as October 9, 2009. *See* State's Exhibit 1 at 9.

A person who knowingly or intentionally violates:

(1) a protective order to prevent domestic or family violence issued under IC 34–26–5 ...; [or]

(2) an ex parte protective order issued under IC 34–26–5 ...;

\*   \*   \*   \*   \*   \*

commits invasion of privacy, a Class A misdemeanor.

The charging information alleged that Norwood "did knowingly violate an order of protection, that is ... [a] protective order issued to prevent domestic or family violence issued under IC 34–26–5 ... which was issued to protect Shenika Gordon, and furthermore, did so by engaging in the following conduct: being in her presence and/or following her in a vehicle and/or yelling at her." Appellant's Appendix at 14. Thus, to convict Norwood of invasion of privacy as a class A misdemeanor, the State was required to prove that Norwood knowingly violated a protective order to prevent domestic or family violence issued under Ind.Code § 34–26–5.

Norwood argues that "it was reasonable for [him] to believe and understand that the terms of the most recent Order for Protection would be the terms that were in effect, not the prior, initial Ex Parte Order." Appellant's Brief at 8. Norwood also argues that the terms of the October 9, 2008 order had superseded the terms of the August 15, 2008 order. The State argues that Norwood failed to "provide any evidence that the protective order issued in October would supersede the ex parte protective order." Appellee's Brief at 5. The State argues that it was reasonable for the State to issue two separate protective orders in the same case that contained conflicting expiration dates and that "[t]he ex parte protective order was designed to protect [Gordon] and the sec-

ond protective order was designed to detail [Norwood's] parental visitation rights." Id. The State argues that "[t]here is no language in the protective order that suggests it modified or superseded the ex parte protective order issued two months earlier" and that the "ex parte protective order was still in effect in December of 2009." Id.

To the extent that the State argues that the second protective order was designed to detail Norwood's parental visitation rights, we observe that both the August 15, 2008 order and the October 9, 2008 order enjoined Norwood from threatening to commit or committing acts of domestic or family violence, stalking, or a sex offense against Gordon and prohibited Norwood from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with Gordon. We also observe that the allegations in the charging information quoted above related to and focused on the October 9, 2008 protective order in that it refers to a protective order and not an ex parte protective order. Moreover, the October 9, 2009 order superseded the earlier ex parte order issued on August 15, 2008. See Ind.Code § 34–26–5–2(c) ("A court may issue only one (1) order for each respondent."). Because the October 9, 2008 protective order expired on October 9, 2009, before the date of the alleged violation on December 26, 2009, we conclude that the evidence is insufficient to sustain Norwood's conviction for invasion of privacy as a class A misdemeanor.

For the foregoing reasons, we reverse Norwood's conviction for invasion of privacy as a class A misdemeanor.

Reversed.

RILEY, J., and ROBB, J., concur.