Jon Paul TONGATE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–1102–CR–223.

Court of Appeals of Indiana.

Sept. 16, 2011.

Rehearing Denied Nov. 14, 2011.

William F. Zwick, Noblesville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

The State charged Jon Paul Tongate with one count of class D felony receiving stolen property. A magistrate presided over the jury trial, and the jury found him guilty as charged. Tongate filed a motion to correct error, and the trial court judge denied it after listening to an audio recording of the trial. Tongate now appeals, arguing that the magistrate was required to rule on the motion to correct error and that there was insufficient evidence to support his conviction. We conclude that the magistrate was not required to rule on the motion to correct error and that Tongate's conviction is supported by sufficient evidence. Therefore, we affirm.

### Facts and Procedural History

On June 19, 2008, Westfield resident Joseph Leinhos contacted the police after he noticed that two checkbooks were missing from the front seat of his wife's car. Ten days later, Catherine Beadle was riding her motorcycle on Oak Ridge Road in Hamilton County when she came upon the site of a single-vehicle accident. Beadle saw Tongate on his knees on the side of the road, as well as a damaged motorcycle lying in a nearby ditch. An SUV drove up, and Tongate climbed into the passenger seat. As the SUV drove away, Tongate had his white t-shirt pulled over his head, partially covering his face. Tongate told Beadle, "[D]on't worry I am okay." Tr. at 97. Beadle called 911 and reported the accident after an onlooker told her that, to his knowledge, no one had phoned it in.

The onlooker noticed a wallet on the road near the wrecked motorcycle. Beadle decided to wait for the police, so the onlooker retrieved the wallet and gave it to her. She opened up the wallet, saw that Tongate's identification was inside, and gave the wallet to Westfield Police Officer Robert Dine upon his arrival. When Officer Dine opened the wallet, he found a book of checks that belonged to Leinhos in the front of the wallet, as well as Tongate's identification. Officer Dine had the police dispatcher contact nearby hospitals to locate Tongate and then contacted Leinhos to confirm that the checks were stolen. Leinhos went to the Westfield Police Department and identified the checks as his. Officer Charles Nichols located Tongate in the emergency room at St. Vincent's Hospital in Carmel. When Officer Nichols questioned him about the stolen checks, Tongate denied ever having them in his possession.

The State charged Tongate with class D felony receiving stolen property. Magistrate William Greenway presided at the jury trial. Leinhos testified that his checks were "damp" when he identified them at the Westfield Police Department. *Id.* at 83. Beadle testified that the weather was "nice" and the pavement was dry on the day of the accident. *Id.* at 99. At the close of the State's case, Tongate moved for a directed verdict. Magistrate Greenway denied the motion, and the jury found Tongate guilty as charged. Tongate filed a motion to correct error, which Judge J. Richard Campbell denied after listening to an audio recording of the trial. This appeal ensued.

### Discussion and Decision

#### I. *Motion to Correct Error*

Tongate contends that Judge Campbell should not have ruled on his motion to correct error, claiming that Magistrate Greenway, who presided at trial, was required to do so. A magistrate's authority is determined by statute. *Johnson v. Johnson*, 882 N.E.2d 223, 225 (Ind.Ct.App. 2008). Indiana Code Section 33-23-5-5 enumerates the powers of a magistrate,

including the authority to "[c]onduct an evidentiary hearing or trial." Ind.Code § 33–23–5–5(11). Indiana Code Section 33–23–5–8 states in pertinent part that, except as provided under Indiana Code Sections 33–23–5–5(14) and 33–23–5–9(b), a magistrate "may not enter a final appealable order unless sitting as a judge pro tempore or a special judge." Indiana Code Section 33–23–5–5(14) provides that a magistrate "*may* ... [e]nter a final order, conduct a sentencing hearing, and impose a sentence on a person convicted of a criminal offense as described in [Indiana Code Section 33–23–5–9]." (Emphasis added.) Indiana Code Section 33–23–5–9 provides:

(a) Except as provided under subsection (b), a magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. The court shall enter the final order.

(b) If a magistrate presides at a criminal trial, the magistrate *may* do the following:

(1) Enter a final order.

(2) Conduct a sentencing hearing.

(3) Impose a sentence on a person convicted of a criminal offense.

(Emphasis added.)

■ The term "may" in a statute ordinarily implies a permissive condition and a grant of discretion. *Romine v. Gagle*, 782 N.E.2d 369, 380 (Ind.Ct.App.2003), *trans. denied.* Although a magistrate has authority to enter a final order (such as an order on a motion to correct error) in a criminal proceeding, he is not required to do so.[1] To the extent Tongate argues that Judge Campbell erred in ruling on his motion to correct error because it was impossible for him to evaluate the demean-

or of the witnesses who testified at trial, we note that Tongate has failed to identify any "demeanor" issue that could have impacted Judge Campbell's ruling. To the extent Tongate argues that Judge Campbell's ruling itself is erroneous because "[t]here was no logical or reasonable explanation of how wet checks became associated with [an accident] scene where everything else was apparently dry," Appellant's Br. at 5, we note that this was not the stated basis for his motion to correct error. *See* Appellant's App. at 79 ("The jury's verdict—specifically the jury's determination on the element of the Defendant's knowledge that the checks were stolen— was against the weight of the evidence and not supported by the evidence."). As such, Judge Campbell cannot be said to have erred in ruling on an issue that was not before him. In sum, we find no procedural or substantive error on this point.

## II. Sufficiency of Evidence

■ Tongate also challenges the sufficiency of the evidence supporting his conviction for class D felony receiving stolen property, which occurs when a person knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft. Ind.Code § 35–43–4–2(b). In reviewing the sufficiency of the evidence, we do not reweigh the evidence or reassess the credibility of witnesses. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind.Ct.App. 2010), *trans. denied.* We focus upon the evidence most favorable to the verdict and the reasonable inferences that may be drawn from it. *Cooper v. State*, 940 N.E.2d 1210, 1213 (Ind.Ct.App.2011), *trans. denied.* "We will affirm unless no rational fact finder could have found the

---

**1.** Based on the plain language of Indiana Code Section 33–23–5–9(b), we disagree with the State's contention that a magistrate does

not have authority to rule on a motion to correct error in a criminal proceeding.

defendant guilty beyond a reasonable doubt." *Hampton v. State,* 873 N.E.2d 1074, 1079 (Ind.Ct.App.2007) (citation and quotation marks omitted). "It is not necessary that the evidence overcome every reasonable hypothesis of innocence." *Norwood v. State,* 938 N.E.2d 1209, 1210 (Ind. Ct.App.2010).

Tongate does not specifically challenge the sufficiency of the evidence supporting particular elements of the crime, but instead asserts that the verdict cannot stand because "it is simply illogical and unreasonable for a book of wet checks to be found at an otherwise dry [accident] scene." Appellant's Br. at 9. The State points out that Tongate never denied that the wallet was his and that the wallet was in fact returned to him by the police. The State further observes that "[t]he dampness of the checks does not support [Tongate's] claimed lack of knowledge that the checks were among the contents of his own wallet." Appellee's Br. at 8. Indeed, if it is reasonable to assume that a person knows the contents of his own pockets, *Collins v. State,* 549 N.E.2d 89, 95 (Ind.Ct.App.1990), *trans. denied,* then it is equally reasonable to assume that a person knows the contents of his own wallet. The fact that the checks were wet and the accident scene was dry was an issue for the jury to resolve.[2] We must decline Tongate's invitation to reweigh evidence and reassess witness credibility in his favor and affirm his conviction.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

2. The State observes that "[i]t was a summer day when the accident occurred and if the wallet was in [Tongate's] pocket, a logical location for a wallet, the checks could easily have become 'damp' due to humidity and body heat by being in [his] pocket." Appellee's Br. at 7. At trial, the State responded to the defense's insinuation that Tongate was framed by Officer Dine as follows:

> To believe this you have to believe that somehow [Officer] Dine just happen[ed] to come across the checkbook of Joseph Leinhos. To know beforehand, oh these checks

are stolen checks. And to know that these were stolen checks, just happen one day I have Joseph Leinhos' stolen checks. Oh here is a wallet. Open it up hey, Jon Paul Tongate. I think I am going to put [the checks] in Jon Paul Tongate's wallet, put them in there and then I am going to frame him for this. I am going to call other officers and have them go out. I am going to call Mr. Leinhos and ask him about the checks, because somehow I know these checks were stolen.

Tr. at 188.