

**FILED**

May 30 2017, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin Campbell
Marietta, Georgia

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Campbell, | May 30, 2017 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 41A01-1607-SC-1723 |
| v. | Appeal from the Johnson Superior Court |
| Irenea George, | The Honorable Kevin M. Barton, Judge |
| *Appellee-Defendant* | The Honorable Douglas B. Cummins, Magistrate |
| | Trial Court Cause No. 41D01-1604-SC-1070 |

**Mathias, Judge.**

[1]   Kevin Campbell ("Campbell") brought a small claims action in Johnson Superior Court for the return of a dog, "Snickers," against Irenea George ("George"). The Johnson County magistrate entered an order giving Snickers to George. That order was never signed or otherwise adopted by a judge. Without a final appealable order, we remand.

## Facts and Procedural Posture

On April 5, 2016, Campbell filed a notice of claim in Johnson Superior Court, seeking Snickers's return from George's possession and $6,000 in damages, the jurisdictional limit for small claims actions. On June 9, 2016, Campbell and George both appeared in person before the Johnson County magistrate and pleaded their cases. The magistrate took the matter under advisement and, later the same day, issued an order finding Snickers belonged to George and denying Campbell's claim. That order was never signed or otherwise adopted by a judge. Campbell moved to correct error and to set aside the judgment for fraud; the magistrate denied both motions, again by orders signed only by him.

Campbell filed notice of appeal on July 25, 2016. Campbell then filed a "Motion For Relief By Law Due To Magistrate's Lack Of Judicial Mandate" in Johnson Superior Court on August 15, 2016. Because the completion of the clerk's record was noted in the chronological case summary on August 16, 2016, the superior court judge denied the motion for lack of jurisdiction under Indiana Appellate Rule 8 on August 22, 2016. On appeal, Campbell raises a welter of issues, but we find one dispositive: whether the magistrate's order was a final appealable order. Concluding that it was not, we remand.

## Discussion and Decision

The Johnson circuit and superior courts are authorized to employ one full-time magistrate. Ind. Code § 33-33-41-2(a). A magistrate's power is limited by statute. *Tongate v. State*, 954 N.E.2d 494, 495 (Ind. Ct. App. 2011), *trans. denied*.

A magistrate may . . .

> (14) Enter a final order, conduct a sentencing hearing, and impose a sentence on a person convicted of a criminal offense as described in section 9 of this chapter.

> (15) Enter a *final order or judgment* in any proceeding involving matters specified in [Indiana Code §] 33-29-2-4 (jurisdiction of small claims docket) . . . .

I.C. § 33-23-5-5 (emphasis added). However,

> [e]xcept as provided under sections 5(14) and 9(b) of this chapter, a magistrate . . .

> (1) does not have the power of judicial mandate; and

> (2) may not enter a *final appealable order* unless sitting as a judge pro tempore or a special judge.

I.C. § 33-23-5-8 (emphasis added).

[5] The statutes defining a magistrate's power thus authorize a magistrate in a small claims case to enter a "final order or judgment," *id.* § 5, but not a "final appealable order." *Id.* § 8. Section 8 carves out an exception to the general prohibition against a magistrate entering appealable orders for criminal cases under § 5(14) in accordance with § 9 but does not include small claims cases under § 5(15). Section 9 provides, "Except . . . under subsection (b) [relating to criminal cases], a magistrate shall report findings in . . . a trial . . . . The court shall enter the final order." *Id.* § 9(a). Finally, the local Johnson County rule provides, "The Johnson County Magistrate shall preside over all small claims

matters and make recommendations to the Judge for final Order and Judgment." Johnson LR41-SC00-5(A).

[6] In *Johnson v. Johnson*, 882 N.E.2d 223 (Ind. Ct. App. 2008), we observed that, under then-current law, "[w]hile a magistrate presiding over a criminal trial may enter a final order, there is no provision providing such authority in a civil proceeding." *Id.* at 225. Accordingly, we held invalid a magistrate's grant of a motion to correct error. *Id.* at 226. Apparently in response, the General Assembly added § 5(15) to the list of a magistrate's powers. Act of Mar. 24, 2008, sec. 3, 2008 Ind. Legis. Serv. P.L. 127-2008 (West) (concerning courts and court officers). However, the very same act added the exception under § 8 which includes § 5(14) but omits, and therefore excludes, § 5(15). *Id.*, sec. 4. *Expressio unius exclusio alterius*: "the enumeration of certain things in a statute necessarily implies the exclusion of all others. This principle is particularly appropriate where the same term is present in certain portions of the same enactment, but not in other portions." *Brandmaier v. Metro. Dev. Comm'n*, 714 N.E.2d 179, 180 (Ind. Ct. App. 1999) (citations omitted), *trans. denied*.

[7] While § 5(15) does allow a magistrate to enter a "final order or judgment" in small claims cases, I.C. § 33-23-5-5, Section 8, enacted by the same law as § 5(15), excludes small claims cases from a magistrate's power to enter "final *appealable* order[s]." *Id.* § 8 (emphasis added). This accords with the requirement in § 9 that, except in criminal cases covered by § 9(b) and § 5(14), "[t]he court shall enter the final order." *Id.* § 9(a). This same understanding is embodied in the local rule. *See* Johnson LR41-SC00-5(A). If the General Assembly wished to

bring small claims cases under § 5(15) within a magistrate's power to enter appealable orders, as it did with criminal cases under § 5(14), it clearly knew how to say so — but it did not.

[8] Though we used to hold the contrary, our supreme court's long-standing rule is that "failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal" because the issue is not jurisdictional. *In re Adoption of I.B.*, 32 N.E.3d 1164, 1173 n.6 (Ind. 2015) (quoting *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994)). Nevertheless, our supreme court has repeatedly admonished judicial officers to observe the requirements of the statutes that create their authority. *See, e.g., K.E. v. Ind. Dep't of Child Servs.*, 39 N.E.3d 641, 652 n.8 (Ind. 2015). In any event, here Campbell objected while jurisdiction still lay in Johnson Superior Court, before the completed clerk's record was noted in the chronological case summary. Campbell, therefore, did not waive the issue. Remand, rather than dismissal, is the appropriate remedy. *See Floyd*, 650 N.E.2d at 32.

## Conclusion

[9] The magistrate's order was not a final appealable order by statute. We remand for adoption or rejection of the magistrate's order by the court. Of course, Campbell may simply elect to let a sleeping dog lie and decline to pursue the matter further, in which case the magistrate's order will remain final but unappealable.

Remanded.

Baker, J., and Pyle, J., concur.