## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David John Arndt,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 27, 2017

Court of Appeals Case No.
71A04-1611-CR-2708

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause Nos.
71D01-1301-FC-11
71D03-1504-F5-60

**Robb, Judge.**

# Case Summary and Issues

Following a jury trial, David Arndt was convicted of burglary as a Level 5 felony and the trial court revoked his probation from a previous sentence after finding he committed the offense of burglary. Arndt appeals his conviction and the revocation of his probation, raising three issues for review, which we restate as: (1) whether the trial court committed reversible error in allowing a witness to testify as to his recollection of a license plate number, (2) whether the trial court abused its discretion in allowing a lay witness to identify Arndt as one of the individuals depicted in a surveillance video, and (3) whether the trial court abused its discretion in revoking Arndt's probation.[1] Concluding any error in the admission of testimony regarding the license plate was harmless, and the trial court neither abused its discretion in allowing the witness to identify Arndt nor in revoking Arndt's probation, we affirm.

# Facts and Procedural History

Michiana Auto Pros ("Michiana") is an automobile repair business providing a full range of services, including specialty work on off-road vehicles, in Osceola, Indiana. Michiana's specialty work required it to carry non-standard inventory, including four 40-inch Nitto Grappler tires ("Nitto tires"). The Nitto tires were mounted onto rims and were stored in a garage on Michiana's property.

---

[1] Arndt's appeal from his criminal conviction for burglary and his appeal from the revocation of his probation in a separate case have been consolidated on appeal.

Michiana's shop manager, Shaun Rajski, later testified the Nitto tires had their own unique design and were mounted on seventeen-inch rims, thereby giving the wheel "its own unique mold." Transcript, Volume I at 56.

[4] In the early morning hours of March 26, 2016, a surveillance camera captured two individuals burglarizing Michiana and stealing property, including the four Nitto tires. The value of the items stolen was approximately $22,000.00. Over the course of the next week, Brad Vincent, an employee at Discount Tire in South Bend, learned of the burglary at Michiana and that the special tires had been stolen.

[5] On April 6, 2015, Hewey Hudson went to the Discount Tire and discussed with Vincent how to remove a tire from a rim and then mount the tire on a separate rim. Hudson then left Discount Tire. Ninety minutes later, Hudson returned to Discount Tire accompanied by Arndt. The pair brought with them two tires mounted on seventeen-inch rims and requested Vincent remove the tires and mount them on another set of rims. Vincent immediately recognized the tires and sent a picture of the tires to Rajski, who confirmed the tires were the ones stolen from Michiana. Vincent then performed the work requested. After strapping the tires to their truck, Hudson and Arndt left Discount Tire. Vincent then contacted law enforcement and reported the truck's license plate number. An investigation ensued and revealed Arndt and his associate, Dangiz Weed, burglarized Michiana. At the time of the burglary, Arndt was serving a two-year sentence fully suspended to probation.

[6] On April 20, 2015, the State charged Arndt with burglary as a Level 5 felony. In addition, the State filed a petition to revoke Arndt's probation, alleging he committed the crime of burglary while on probation. At trial, Weed admitted he and Arndt burglarized Michiana and stole numerous items, including the Nitto tires.[2] Arndt's aunt, Belinda Holcomb, also testified and was shown Michiana's surveillance video from the night of the burglary. Over Arndt's objection, Holcomb identified Arndt as one of the two individuals captured on video, explaining, "I've known him his whole life. That's his walk. . . . He's bow legged. Just like his dad." Tr., Vol. II at 63-64.

[7] Vincent testified as to his encounter with Hudson and Arndt at Discount Tire. The State then handed Vincent a photograph of the truck, which had not yet been entered into evidence. Vincent recognized it as the truck in which Hudson and Arndt arrived at Discount Tire because he specifically remembered the truck had a temporary license plate just as the photograph depicted. However, he stated he could not remember the license plate number he had provided to law enforcement. The State then provided Vincent with a police report to refresh his recollection. After allowing Vincent to review the police report, the State retrieved the report from Vincent and asked whether he now remembered the license plate number on the truck, and if so, what the number was. Vincent

[2] The State charged Weed and Arndt under separate causes and opted not to join the two causes for trial. Weed's testimony came as he remained in custody awaiting his trial. During Arndt's trial, Weed also testified he did not receive any promises of leniency in exchange for his testimony. Weed ultimately pleaded guilty to charges stemming from his role in the burglary.

then stated the license plate number. However, the State had left the photograph of the truck on the witness stand with the license plate number visible. The trial court overruled Arndt's objection. On cross-examination, Vincent admitted he had read the numbers off the photograph of the truck when testifying. At this point, the trial court acknowledged it had erred in previously overruling Arndt's objection and admonished the jury: "I'm admonishing you to disregard anything that you may have heard regarding a license plate, and I am admonishing you not to take anything about that into consideration in arriving at a decision about the outcome of this case." Tr., Vol. I at 118.

[8] The jury found Arndt guilty as charged. The trial court entered judgment of conviction for the burglary charge and revoked Arndt's probation in his earlier case after finding he violated a condition of his probation by committing the burglary. This appeal ensued.

# Discussion and Decision

## I. Admission of Evidence

### A. Standard of Review

[9] The admissibility of evidence is within the sound discretion of the trial court. *Cherry v. State*, 971 N.E.2d 726, 730 (Ind. Ct. App. 2012), *trans. denied*. A trial court may abuse its discretion in admitting evidence if its decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*. We will reverse a trial court's

erroneous decision to admit evidence only when the decision affects a party's substantial rights. *McVey v. State*, 863 N.E.2d 434, 440 (Ind. Ct. App. 2007), *trans. denied*. Improperly admitted evidence "is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Wickizer v. State*, 626 N.E.2d 795, 800 (Ind. 1993).

## B. License Plate Number

[10] Arndt contends the trial court erred in allowing Vincent to testify as to the license plate number. Assuming the trial court did err, we must determine whether the error was harmless. *See id.*; *McVey*, 863 N.E.2d at 440.

[11] At the outset, the State points out that Ardnt has presented no argument addressing any alleged prejudice suffered as a result of the trial court's error. The State is correct and Arndt's claim is therefore waived for failure to present a cogent argument. Ind. Appellate Rule 46(A)(8). Notwithstanding waiver, the record does not demonstrate Arndt suffered any prejudice. Upon recognizing its error, the trial court admonished the jury to disregard all evidence pertaining to the license plate, and there is no indication any additional evidence regarding the license plate was admitted. *See Street v. State*, 30 N.E.3d 41, 50 (Ind. Ct. App. 2015) (noting there is a presumption the jury follows a trial court's admonishment and that the excluded testimony played no part in the jury's deliberation), *trans. denied*. In addition, Arndt's conviction is supported by

substantial independent evidence, including Weed's testimony affirming he and Arndt were the ones who burglarized Michiana, and Vincent's testimony regarding his encounter with Arndt and Hudson regarding the Nitto tires. We conclude any error in allowing Vincent to testify as to the license plate number was harmless.

## C. Holcomb's Identification of Arndt

[12] Arndt contends the trial court abused its discretion in allowing Holcomb to identify him as one of the two individuals depicted on the surveillance video. Specifically, he claims Holcomb's testimony was inadmissible under Indiana Evidence Rules 701 and 403. We disagree.

[13] Rule 701 provides, "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; and (b) helpful to a clear understanding of the witness's testimony or to a determination of a fact in issue." Although not entirely clear from his brief, Arndt seems to argue Holcomb's testimony was inadmissible under Rule 701 because "[Holcomb's] son was a suspect in the case, the son's truck was used in the burglary, and bad blood existed between [Holcomb] and Arndt." Brief of Appellant at 11. Arndt cites to no case, however, showing such evidence is relevant to a Rule 701 analysis, and at most, his argument is an invitation for this court to reassess witness credibility and reweigh the evidence, which we will not do. *Tongate v. State*, 954 N.E.2d 494, 496 (Ind. Ct. App. 2011), *trans. denied*. In any event, Holcomb testified she was Arndt's aunt, had known Arndt his entire life, and knew he walked in a unique fashion.

Therefore, her opinion identifying Arndt was rationally related to her perception and was helpful to the jury in determining the identity of one of the persons depicted on the video. *See Goodson v. State*, 747 N.E.2d 1181, 1184 (Ind. Ct. App. 2001) (concluding a trial court did not abuse its discretion under Rule 701 in admitting police officer testimony identifying the defendant in photographs and videotapes because the police officers had known the defendant for several years and their testimony was helpful to the jury in determining the identity of the person depicted in the photographs and videotapes), *trans. denied*.

[14] Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Evaluation of whether the probative value of an evidentiary matter is substantially outweighed by the danger of unfair prejudice is a task left to the trial court's discretion. *Bell v. State*, 29 N.E.3d 137, 142 (Ind. Ct. App. 2015), *trans. denied*. In determining any unfair prejudicial impact, "courts should look for the dangers that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the passions or sympathies of the jury." *Id*.

[15] Arndt argues the trial court erred in not considering certain factors and not conducting "the balancing test required under Evidence Rule 403." Br. of Appellant at 17. However, Arndt cites to no case demonstrating what factors the trial court was required to consider, nor does he set forth a cogent argument

addressing how the jury in his case may have substantially overestimated the value of Holcomb's testimony, or how Holcomb's testimony might have aroused or inflamed the passions of the jury. His argument is therefore waived for failure to present a cogent argument. *See* Ind. Appellate Rule 46(A)(8). In any event, Holcomb's testimony was certainly prejudicial towards Arndt precisely because its probative value implicated him as one of the assailants. However, there is nothing in the record demonstrating the jury could have substantially overestimated the value of Holcomb's testimony, nor is there any indication such testimony aroused or inflamed the passions of the jury. The trial court did not abuse its discretion in allowing Holcomb to identify Arndt as one of the individuals who burglarized Michiana.

## II. Revocation of Probation

[16] Finally, Arndt contends the trial court abused its discretion in revoking his probation. Specifically, he claims the State did not prove by a preponderance of the evidence he violated a condition of probation. We disagree.

[17] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). It is within the trial court's discretion to revoke probation if the conditions of probation are violated and appeals from a revocation of probation are reviewed for an abuse of discretion. *Id*. Probation revocation is a two-step process: first, the trial court must make a factual determination that a violation of a condition of probation occurred, and second, the trial court must determine

the appropriate sanction if a violation is found. *Id*. The State must prove the defendant violated a condition of probation by a preponderance of the evidence. *Id*. at 617.

[18] Arndt challenges only the first step, arguing Weed's testimony "was hardly compelling" and "often conflicting[,]" and Holcomb's testimony was "similarly tainted." Brief of Appellant at 18-19. Therefore, he claims the State did not present evidence proving he committed a criminal offense in violation of his probation. We interpret Arndt's argument as an invitation for this this court to reassess witness credibility and reweigh the evidence, which we will not do. *Thornton v. State*, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003). At trial, the State presented evidence through the testimony of Weed showing Weed and Arndt were the two individuals who burglarized Michiana. In addition, Vincent testified as to his encounter with Hudson and Arndt when the pair were in possession of the Nitto tires, and Holcomb identified Arndt as one of the two burglars depicted in Michiana's surveillance video. And after the jury found Arndt guilty of burglary beyond a reasonable doubt, the trial court entered judgment of conviction accordingly. This evidence is sufficient to prove by a preponderance evidence that Arndt violated a condition of his probation by committing a new offense. The trial court did not abuse its discretion in revoking Arndt's probation.

# Conclusion

[19]     We conclude any error in the admission of Vincent's testimony regarding the license plate was harmless in light of the trial court's admonishment to the jury and the substantial independent evidence of Arndt's guilt. In addition, the trial court did not abuse its discretion in allowing Holcomb to identify Arndt as one of the individuals depicted on Michiana's surveillance camera, nor did the trial court abuse its discretion in revoking Arndt's probation. Accordingly, we affirm Arndt's conviction and the revocation of his probation.

[20]     Affirmed.

Vaidik, C.J., and Bailey, J., concur.