## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2017, 10:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin Campbell
Marietta, Georgia

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Campbell, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Irenea George, <br> *Appellee-Defendant* | December 21, 2017 <br><br> Court of Appeals Case No. <br> 41A05-1708-SC-1766 <br><br> Appeal from the Johnson County <br> Superior Court I <br><br> The Honorable <br> Kevin M. Barton, Judge <br> Douglas Cummins, Magistrate <br><br> Trial Court Cause No. <br> 41D01-1604-SC-1070 |

**Vaidik, Chief Judge.**

# Case Summary

[1] After Kevin Campbell and Irenea George ended their relationship and he moved out, Kevin brought a small-claims action against Irenea for the return of

a dog, Snickers, that was adopted during their relationship. The court allowed Irenea to keep the dog, and Kevin now appeals. We affirm the small-claims court.

## Facts and Procedural History

Kevin and Irenea began dating in 2008; Kevin later moved into Irenea's home along with her children and pets. On April 1, 2014, Irenea responded to a Facebook post by Kristina Strickland, who was trying to find a new home for her four-month-old chocolate Labrador Retriever puppy. That same day, Irenea and Kevin went to Kristina's house and took possession of the puppy, who was given the name Snickers. Shannon Pepperack was at Kristina's house at the time of Kevin and Irenea's visit.

On March 25, 2016—after Kevin and Irenea had ended their relationship and Kevin was in the process of moving to Georgia—an argument erupted over who got to keep Snickers, and police were called. Irenea kept Snickers, but on April 5, Kevin filed a notice of claim in Johnson County, seeking Snickers's return from Irenea's possession and $6000 in damages, the jurisdictional limit for small-claims actions. On June 9, Kevin and Irenea both appeared in person before a magistrate in Johnson Superior Court No. 1 and pled their cases. Among other things, Kevin presented a letter from Kristina, who was living in West Virginia at the time. The letter said that she gave the dog to Kevin. Ex. 3. Irenea presented testimony from Shannon, who said that Kristina gave Snickers to Irenea "for [her] kids and the[ir] older dog to have companionship

until the dog passes and then [they] . . . would already [have] another dog [established] in the house to where it wouldn't be as devastating . . . ." Tr. pp. 38-40. The magistrate took the matter under advisement and, later the same day, issued an order finding Snickers belonged to Irenea and denying Kevin's claim for monetary damages because "Snickers was given to the parties and no dollar amount was presented as to [the dog's] value." Appellant's App. Vol. II p. 10. The magistrate specifically found:

> The parties agree that Snickers was acquired while the parties resided together in an intimate relationship. The animal was acquired after [Irenea] made contact with Snickers' previous owners following a Facebook post seeking to re-home Snickers. A letter presented by one of the animal's previous owners, [Kristina], indicates she was contacted by [Irenea], the parties arrived to meet and take possession of Snickers, she "decided to give the dog to [Kevin] . . . [Kevin and Irenea] took the dog home that same day." All contact with [Kristina] prior to the day of the adoption was made by [Irenea]. **Snickers' other previous owner, [Shannon],** testified in Court that **she** gave the dog to [Irenea] and [Irenea's] children as a companion to an older dog already living at the residence in order to be a companion to the older pet and make the transition easier on [Irenea's] children once the older dog passed.

> Numerous exhibits and extensive testimony was presented by both parties as to who performed certain duties with the dog. [Kevin] had the dog micro-chipped, [Irenea] enrolled the dog in behavior training, etc., etc. Both paid for certain veterinarian visits and food for Snickers.

> With conflicting testimony from the parties, the Court finds [Shannon's] testimony credible in that **she** gave Snickers to

[Irenea] to assist in the transition period for [Irenea's] children once her older dog passed and to be companion dog to [Irenea's] older animal.

*Id.* (emphases added). This order was never signed or otherwise adopted by the judge of Johnson Superior Court No. 1. Kevin filed a Trial Rule 60(B) motion for relief from judgment "due to fraud upon the court," *id.* at 19, which mainly addressed whether Shannon was actually a previous owner of Snickers, and a motion to correct errors, both of which the magistrate denied in orders signed by him only.

[4] Kevin appealed to this Court raising numerous issues, but we found one dispositive. That is, we held that the magistrate's order was not a final appealable order by statute. *Campbell v. George*, 77 N.E.3d 816, 818 (Ind. Ct. App. 2017). We remanded "for adoption or rejection of the magistrate's order by the court." *Id.*

[5] On remand, the judge of Johnson Superior Court No. 1 issued the following order dated June 15, 2017:

> 5. The Court accepts the findings and Order And Judgment entered by the Magistrate as a final appealable order.

> 6. In addition, the Court has reviewed the evidence presented and finds that the Magistrate's Order And Judgment is supported by evidence presented.

7. By [Kevin's] Verified Motion For The Court to Reject The Magistrate's Order, [Kevin] raises issues in opposition to the Magistrate's decision.

A. [Shannon's] testimony.

The Magistrate entered a finding that [Shannon] was the prior owner and that she gave the dog to [Irenea]. [Kevin] asserts that the Magistrate incorrectly attributed ownership of "Snickers" to [Shannon].

[Shannon] did not testify that she was a prior owner of "Snickers". However, [Irenea] testified that "Snickers" was a "community dog" in the household shared by [Shannon] and [Kristina]. There is evidence to support the Magistrate's finding.

Moreover, the Magistrate's Order is not dependent upon the finding. [Shannon] did testify that Snickers was given to [Irenea]. There is evidence to support the Magistrate's finding.

Appellant's App. pp. 14-15. Kevin then filed a combined motion to correct errors and relief from judgment, *id.* at 97, and the small-claims court issued the following order dated July 27, 2017:

With regards to, [Kevin's] individual claims of error, the court finds as follows: **[Kevin] is correct that the Court incorrectly stated that the witness [Shannon] was the dog's former owner.** [Shannon] testified she was present on the day that [Kevin] and [Irenea] arrived to adopt Snickers, not that she was the dog's owner. **However, this does not change the Court's ultimate determination in this case that [Irenea] be allowed to retain possession of Snickers.** Consequently, [Kevin's combined motion] is DENIED.

*Id.* at 17 (emphases added). This order was signed by both the magistrate and the judge.

Kevin, pro se, now appeals.

# Discussion and Decision

We observe that Irenea has filed no brief. When the appellee has failed to submit an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id.* Where an appellant is unable to meet this burden, we will affirm. *Id.*

Kevin raises several issues on appeal, but his main challenge is to the evidence supporting the small-claims court's judgment in favor of Irenea. Kevin argues, "Given that [Shannon's] testimony [regarding dog ownership] as the magistrate [originally] cited never occurred, it is clearly against the logic and effect of the facts and circumstances for the judge to affirm the [magistrate's] decision" in favor of Irenea. Appellant's Br. p. 17.

Small-claims-court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Pursuant to Indiana Trial Rule 52(A), we review the facts determined in a bench trial under the clearly erroneous standard of review, with due regard given to the

opportunity of the court to assess witness credibility. *Hamilton v. Schaefer Lake Lot Owners Ass'n, Inc.*, 59 N.E.3d 1051, 1054 (Ind. Ct. App. 2016). This deferential standard of review is particularly important in small-claims actions, where trials are informal and the sole objective is to dispense speedy justice between the parties according to the rules of substantive law. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008); *see also* Ind. Small Claims Rule 8(A).

[10] It is true that the magistrate originally found that Shannon was a former owner of Snickers and that she testified that "she gave the dog [to Irenea]." However, on July 27, 2017, the magistrate, in an order signed by the judge, clarified that Shannon was not a former owner of Snickers and that she was merely present when Kevin and Irenea arrived at Kristina's house to adopt Snickers. Importantly, the magistrate (and the judge) found that this mistake did not change "the Court's ultimate determination in this case that [Irenea] be allowed to retain possession of Snickers." Appellant's App. Vol. II p. 17. The record shows that Irenea, who knew Kristina, is the one who contacted Kristina about Snickers. Irenea testified that Kristina gave her Snickers. And Shannon, who was at Kristina's house, testified that Kristina gave Snickers to Irenea and her children as a companion to their older dog. Given this evidence, we will not disturb the judgment in favor of Irenea. As for Kevin's arguments concerning ownership, such as that he had Snickers microchipped, paid for certain veterinarian bills, and registered Snickers with Johnson County Animal

Control,[1] we find that they are requests to reweigh the competing ownership evidence presented by Irenea, which we will not do.

[11]   Kevin raises numerous other issues; however, we find all of them meritless.[2] For example, he argues that the court should have treated Kristina's letter, Exhibit 3, not as testimony but rather as "a written instrument restating the . . . terms of the binding oral agreement reached on April 1, 2014" regarding the transfer of ownership of Snickers from Kristina to Kevin. Appellant's Br. p. 18. We first note that Kevin presented Exhibit 3 to the court as simply a "letter" that Kristina "wr[ote]" "to the Court"—not as an oral agreement that was later reduced to rewriting. Tr. pp. 21-23. Treating the letter from Kristina, who lived in West Virginia at the time, as testimony comports with the informality of small-claims trials. *See* S.C.R. 8(A) (explaining that small-claims trials are not subject to "statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise"). Moreover, Kevin cites no authority to support this novel

---

[1] Kevin points out that Johnson County Ordinance § 15-1-4-6 requires dangerous dogs to be registered with Johnson County Animal Control. He notes that he registered Snickers with Johnson County Animal Control, which conclusively establishes that he—and not Irenea—is the sole owner of Snickers. Aside from the fact that Kevin provides no citations to the record that Snickers is in fact dangerous, *see* Appellant's Br. p. 20, we agree with the small-claims court that the records of animal control "are only evidence and are not determinative" of ownership. Appellant's App. Vol. II p. 16.

[2] Other issues Kevin raises include that the "magistrate has ignored local and state statues [sic]," the denial of his first motion to correct error, and the "authority and composition of . . . Johnson County's courts." Appellant's Br. pp. 22, 25. We have reviewed these arguments and find that they either are waived or do not have merit.

contract theory and has therefore waived it. *See* Ind. Appellate Rule 46(A)(8)(a).

[12] Kevin also makes arguments concerning various Johnson County local rules. He first notes that LR41-SC16-011 requires hearings in possession-of-personal-property cases to be "expedited." He points out that he filed his notice of claim on April 5, 2016, the hearing was originally scheduled for May 11, but the court rescheduled it to June 9. We find, however, that the hearing in this case was sufficiently expedited under the local rule. Kevin also notes that LR41-SC01-001 provides that "[t]hese rules shall govern the procedure and practice of the Small Claims Division, Johnson County Superior Court No. 2," but his notice of claim was assigned to Superior Court 1, not 2. Kevin, however, does not explain how he was harmed by this or why this otherwise requires reversal of the small-claims court's judgment.

[13] Finally, Kevin argues that the court erred in not holding a hearing on his Trial Rule 60(B) motion for fraud upon the court. Trial Rule 60(D) generally requires trial courts to hold a hearing on any "pertinent" evidence before granting Trial Rule 60(B) relief. *Thompson v. Thompson*, 811 N.E.2d 888, 904 (Ind. Ct. App. 2004). However, when there is no pertinent evidence to be heard, a hearing is unnecessary. *Id.* Here, because the court corrected itself and clarified that Shannon was not a former owner of Snickers but rather was merely present when Kevin and Irenea arrived at Kristina's house to adopt Snickers, a hearing was unnecessary. We therefore affirm the small-claims court.

Affirmed.

May, J., and Altice, J., concur.