## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 6:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEY FOR APPELLEE

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Phillip E. Beeks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 22, 2020

Court of Appeals Case No.
18A-CR-1788

Appeal from the Huntington
Circuit Court

The Honorable Jamie M. Groves,
Judge

Trial Court Cause No.
35C01-1701-F2-23

**Barnes, Senior Judge.**

# Statement of the Case

[1] Phillip Beeks appeals his conviction of burglary, a Level 4 felony.[1]  We affirm.

# Issue

[2] Beeks presents one issue for our review:  whether the evidence was sufficient to support his conviction of burglary.

# Facts and Procedural History

[3] The facts most favorable to the verdict indicate that, on January 25, 2017, William Daniels, Jr. noticed a silver car drive down the street multiple times. As Daniels watched, a man in a blue ski mask emerged from the other side of the barn on his neighbor's property.  The silver car came back down the street, picked up the man, and left.  Shortly thereafter, the car returned, and the man in the ski mask got out.  The car left, and the man walked to the front of the neighbor's house, shattered a window, and climbed through the window into the house.  Daniels called 911.

[4] When Officer McCutcheon arrived on the scene, neighbors informed him that the man had come out of the house and gone down a hill into the woods near the house.  The officer drove down the hill and saw a man in the woods with a silver handgun in his hand.  Officer McCutcheon exited his car and instructed the man to show his hands.  The man complied with the officer's instructions,

---

[1] Ind. Code § 35-43-2-1 (2014).

but his hands were empty. The officer identified the man as Phillip Beeks from his Indiana ID card, and Daniels identified Beeks as the man he saw break into his neighbor's home. Officers later searched the area of the woods where Beeks had been standing and found the handgun. In addition, Beeks' hand was bleeding, and he had a blue ski mask with him. Glass fragments from Beeks' shoes, jeans, ski mask, and jacket were found to match glass shards collected from the broken window of the home.

[5] Based on this incident, Beeks was charged with burglary, a Level 2 felony; burglary, a Level 4 felony; and possession of a handgun without a license, a Level 5 felony.[2] The State also alleged that Beeks was an habitual offender.[3] Prior to trial, the court granted the State's motion to dismiss the charge of burglary as a Level 2 felony.

[6] At trial, Wayne Powell, the owner of the home, testified that he kept a handgun in a holster on top of a gun safe in the front room of his home. When he returned home following this incident, the holster was empty, and the gun was missing. He identified the gun officers found in the woods as his missing gun. The jury convicted Beeks of the two charges, and he admitted to a prior conviction, which elevated his handgun possession conviction to the Level 5

[2] Ind. Code § 35-47-2-1 (2014).

[3] Ind. Code § 35-50-2-8 (2015).

felony. Beeks also admitted to being an habitual offender. The court sentenced Beeks to an aggregate term of thirty years. Beeks now appeals.

## Discussion and Decision

[7] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Tongate v. State*, 954 N.E.2d 494, 497 (Ind. Ct. App. 2011), *trans. denied*.

[8] To convict Beeks of Level 4 felony burglary, the State needed to prove that he: (1) broke and entered into the dwelling of another (2) with the intent to commit a felony or theft inside. *See* Ind. Code § 35-43-2-1(1). Beeks contends the State's evidence that he intended to commit a theft inside the Powell residence was insufficient.[4]

---

[4] Beeks does not challenge his handgun conviction.

[9]     Because "[b]urglars rarely announce their intentions at the moment of entry," "a burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances." *Baker v. State*, 968 N.E.2d 227, 229-30 (Ind. 2012) (citations and quotations omitted). Hence, a burglary conviction may be sustained by circumstantial evidence alone. *Id.* at 230.

[10]    In support of his argument, Beeks cites two Indiana Supreme Court cases; however, these cases are inapposite to his case. In *Justice v. State*, 530 N.E.2d 295 (Ind. 1988), the court determined the evidence was insufficient to establish the defendant's intent to commit theft because it showed he entered the victim's home illegally, fled when the victim recognized him, and had covered his hands with socks but did not show that he touched, disturbed, approached, or took any property. Likewise, in *Freshwater v. State*, 853 N.E.2d 941 (Ind. 2006), the court found the evidence of intent to commit theft insufficient where the defendant broke into a business at night, attempted to enter the building at several points, and fled immediately following the sounding of the alarm but took nothing.

[11]    Here, in contrast, the evidence showed that Daniels saw Beeks shatter the window of Powell's home and enter the home through the broken window. Soon thereafter, Officer McCutcheon saw Beeks in the woods holding a silver handgun, which was found in that same area after Beeks' arrest. Powell testified at trial that, after Beeks broke into his house, the gun he kept in a holster on top of a gun safe was missing. Powell also identified the gun found in the woods as his missing gun. The evidence not only supports the inference

that Beeks intended to commit theft when he broke and entered Powell's home but also shows that Beeks did in fact commit theft.

# Conclusion

For the reasons stated, we conclude the evidence was sufficient to show Beeks' intent to commit theft when he broke into the residence.

Affirmed.

Baker, J., and May, J., concur.